IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS NERO

    v.      :     Civil Action No. DKC 11-0664

YOUNG SOON RO, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this negligence case is the motion to dismiss filed by Defendant Young Soon Ro. (ECF No. 9). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will be granted in part and denied in part.

**I. Background**

   **A. Factual Background**

The following facts are set forth in the complaint. (ECF No. 2). On December 26, 2010, at approximately 1:00 a.m., Plaintiff Thomas Nero, a Maryland resident, was travelling north while operating a motor vehicle on the Baltimore Washington Parkway in Prince George's County, Maryland. On the same date and time, Young Ho Ro, now deceased, was operating an SUV motor vehicle owned by his parents, Defendant Young Soon Ro and Jae Bong Ro, Virginia residents, when he crossed the median into the

northbound lanes of traffic and hit Plaintiff's vehicle. Plaintiff's vehicle was crushed and he suffered extensive and permanent injuries to his body and brain. His injuries "were so severe that he was thought to be dead at the scene of the accident." (ECF No. 2 ¶ 11). Young Ho Ro and his father Jae Bong Ro, a passenger in the SUV, were killed in the collision.

Plaintiff alleges that Defendant Young Soon Ro and Jae Bong Ro, who owned the SUV operated by Young Ho Ro, knew or should have known that their adult son was likely to use the vehicle in a manner involving unreasonable risk of harm to others. Plaintiff further alleges that Defendant Young Soon Ro and Jae Bong Ro knew or should have known that their son had many serious traffic offense convictions in Maryland and Virginia, that he had been to jail twice for reckless driving convictions, that he was a dangerous driver who had prior accidents, that his driver's license was suspended, and that there was no insurance on their vehicle due to his poor driving record.

### B. Procedural Background

On February 17, 2011, Plaintiff Thomas Nero filed a complaint in the Circuit Court for Prince George's County, Maryland against Young Soon Ro, the Estate of Young Ho Ro, the Estate of Jae Bong Ro, and Allstate Insurance Company for personal injuries arising out of the vehicle collision on

December 26, 2010. (ECF No. 2). On March 11, 2011, the case was removed to federal court on the basis of diversity jurisdiction. (ECF No. 1).

The complaint sets forth four counts: (1) that Young Ho Ro breached his duty to operate the vehicle in a safe and reasonable manner; (2) that Jae Bong Ro and Young Soon Ro negligently entrusted the vehicle to Young Ho Ro; (3) that Jae Bong Ro and Young Soon Ro are vicariously liable for Young Ho Ro's negligence under an agency theory; and (4) that Allstate breached its insurance policy with Plaintiff. (ECF No. 2).

On March 18, 2011, Defendant Young Soon Ro filed a motion to dismiss counts II and III, arguing that Plaintiff failed to state a claim for negligent entrustment or vicarious liability against her. (ECF No. 9). Plaintiff opposes Defendant's motion to dismiss. (ECF No. 17).

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 513 (2002), which requires a "short and plain statement of

the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit

the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed. R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**III. Analysis**

    **A.   Negligent Entrustment**

Count II of the complaint alleges that Defendant Young Soon Ro negligently entrusted the SUV to her son. (ECF No. 2 ¶¶ 21- 29). The doctrine of negligent entrustment as adopted in Maryland provides that:

> One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Broadwater v. Dorsey*, 344 Md. 548, 554 (1997).[1] To prevail on a claim of negligent entrustment, a plaintiff must show "(1) [t]he

---

[1] Neither party discusses choice of law, but both assume that Maryland tort law applies. Based on the factual allegations in the complaint this assumption is correct. In a

making available to another a chattel which the supplier (2) knows or should have known the user is likely to use in a manner involving risk of physical harm to others (3) the supplier should expect to be endangered by its use." *Mackey v. Dorsey*, 104 Md.App. 250, 258 (1999).

"[T]he doctrine of negligent entrustment is generally limited to those situations in which the chattel is under the control of the supplier at the time of the accident." *Broadwater*, 344 Md. at 558 (1997). A supplier controls the chattel at the time of the accident if he or she has the right to permit or prohibit use of the chattel. *See id*. ("[W]ithout the right to permit or prohibit use of the chattel at the time of the accident, an individual cannot be liable for negligent entrustment."). The requisite power to permit or prohibit the vehicle's use "could emanate from a superior right to control the operation of the car, or from a special relationship between

---

federal diversity case such as this one, the court must apply the choice of law rules of the forum state, *i.e.*, Maryland. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Maryland choice of law rules, tort claims are governed by the law of the state where the injury occurred. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). "The place of injury is the place where the injury was suffered, not where the wrongful act took place." *Id.* (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 511 (4th Cir. 1986)). The accident and resulting injuries to Plaintiff occurred on the Baltimore-Washington Parkway in Prince George's County, Maryland and, thus, Maryland tort law governs.

the 'entrustor' and the driver, such as a parent-child relationship.". *Neale v. Wright*, 322 Md. 8, 19 (1991).

Plaintiff cannot rely on the parent-child relationship to establish negligent entrustment because Young Ho Ro was an adult at the time of the accident. In *Broadwater*, the Court of Appeals of Maryland emphasized that although parents may significantly influence their adult children they have no legal right to control them. 344 Md. at 562-63.[2] Accordingly, a parent who gives or sells a vehicle to an adult child is not liable for negligent entrustment unless there is a separate basis to establish that the parent had legal control over the car at the time of the accident. *Id.* at 550; *see also Robb v. Wancowicz*, 119 Md.App. 531, 540 (1998) (positing that even if a parent owned the vehicle negligently operated by his or her adult child, he or she would not be liable for negligent entrustment).

Here, none of the alleged facts indicate that Defendant Young Soon Ro had legal control over the vehicle at the time of the accident. While Young Soon Ro was a co-owner of the vehicle

---

[2] In the case of a minor child, however, parents may be liable for negligent entrustment even when they have no legal control over the vehicle. *See Kahlenberg v. Goldstein*, 290 Md. 477, 491 (1981) (holding that a parent without title to a minor child's vehicle retained the power to permit and prohibit the child from using the vehicle).

with her husband, Jae Bong Ro, a co-owner of a vehicle does not have superior ownership rights over the other co-owner.  *Neale*, 322 Md. at 21.  Furthermore, under Maryland law a co-owner of an automobile is not liable under a theory of negligent entrustment for damages from the other co-owner's negligent use because neither has "the power to permit or prohibit the other from using the vehicle."  *Id.; see also Broadwater*, 344 Md. at 559; *Nationwide Mut. Ins. Co. v. Stroh*, 314 Md. 176, 182 (1988).

In this case, Young Soon Ro was not present in the vehicle at the time of the accident, but her husband and co-owner was. Defendant Young Soon Ro could not control how her husband used the vehicle and she could not prohibit him from supplying the car to their son, Young Ho Ro.  Nonetheless, Plaintiff argues that he properly pleaded the first element of negligent entrustment by alleging that Defendant Young Soon Ro was a co-owner, and that Young Ho Ro operated the vehicle with the express or implied permission of both Young Soon Ro and Jae Bong Ro.  (ECF No. 17 ¶ II.4).  But Plaintiff failed to set forth any facts that would permit a reasonable inference that Defendant Young Soon Ro supplied the vehicle to Young Ho Ro, that she gave him permission to use the vehicle, or that she was even aware Young Ho Ro was going to operate the vehicle.  Plaintiff's allegations are nothing more than legal conclusions lacking

8

factual support and are insufficient to state a claim for negligent entrustment against Defendant Young Soon Ro. The only reasonable inference from the alleged facts is that Young Soon Ro lacked the ability to control the vehicle at the time of the accident.

**B. Vicarious Liability for Young Ho Ro's Negligence**

Count III of the complaint is based on a theory of vicarious liability and alleges that Defendant Young Soon Ro is liable to Plaintiff because, at the time of the accident, Young Ho Ro was the agent, servant, or employee of Defendant Young Soon Ro and Jae Bong Ro acting within the scope of such agency, employment, or to the use and benefit of Defendant Young Soon Ro and Jae Bong Ro. (ECF No. 2 ¶ 31).

For a defendant to be liable to a plaintiff for injuries caused by a third party under the theory of vicarious liability, the third party must be acting as the defendant's agent and the defendant must exercise a degree or right of control over the agent. *Hunt v. Mercy Med. Ctr.*, 121 Md.App. 516, 544 (1998). In Maryland, there is a presumption that the "negligent operator of a vehicle is the agent, servant, or employee of the owner acting within the scope of his employment." *See, e.g., Williams v. Wheeler*, 252 Md. 75, 81 (1969); *Toscano v. Spriggs*, 343 Md. 320, 325 (1996) ("There is a presumption that the operator of a

9

motor vehicle is the agent of the owner."). "This presumption is rebuttable, but evidence required to destroy it as a matter of law must be both uncontradicted and conclusive [.]" *House v. Jerosimich*, 246 Md. 747, 750 (1967).

Defendant Young Soon Ro argues that in order for the presumption to apply, she must have been in the vehicle at the time of the accident. Here, Defendant Young Soon Ro confuses the doctrine of agency with the doctrine of imputed negligence. Under the doctrine of agency, a principal may be liable for the agent's negligence even when he does not have the "momentary right of physical control." *Williams v. Wheeler*, 252 Md. 75, 84 (1969). The distinction was explicated in *Slutter v. Homer*, 244 Md. 131, 139 (1966):

> The doctrine of imputed negligence rests on the presumption that the non-driving owner had the right to control the vehicle. That presumption, . . . is rebuttable; the presumption is based, not on the actual exercise of control, but on the right to exercise it. The agency doctrine, on the other hand, rests on the relationship of the parties and the nature of the expedition during which the accident occurred. Imputed negligence, like agency, is based on the relationship, but turns on the facts in respect of the right to control, whereas the agency theory applies, where it is pertinent, irrespective of the momentary right of physical control. In short, the agency doctrine is predicated on a status rather than on inference of fact.

Under a theory of imputed negligence, because an owner-passenger is presumed to retain control of the vehicle even when he or she is not physically operating the vehicle, the negligence of the driver may be imputed to the owner regardless of whether the driver is acting as the owner's agent. *Mackey*, 104 Md.App. at 263. As Plaintiff does not seek to impute Young Ho Ro's negligence to Defendant Young Soon Ro, her arguments miss the mark; the focus should be on the relationship between Young Soon Ro and the driver.

Plaintiff has alleged that Young Soon Ro was an owner of the car. This allegation triggers the presumption that Yong Ho Ro was acting as her agent when he operated the car. The burden thus shifts to Defendant to rebut the presumption with facts proving that Young Ho Ro was not her agent. *See State Farm v. Marietta*, 105 Md.App. 1, 8 (1995) ("The owner who asserts that the driver was not an agent has the burden of production and the burden of persuasion on that issue."). Because the court may consider only the factual allegations of the complaint on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), Defendant Young Soon Ro cannot offer facts to rebut the presumption at this stage of the litigation. Thus, the claim of vicarious liability will not be dismissed at this time.

**IV. Conclusion**

For the foregoing reasons, the motion of Defendant Young Soon Ro to dismiss counts II and III will be granted in part and denied in part. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
